

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF OREGON

**TRISH M. BROWN**
CHIEF JUDGE

1001 SW FIFTH AVENUE, #700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

September 5, 2018

Christopher J. Kane
2207 NE Broadway
Portland, OR 97232

Joseph E. Kellerman
Hornecker Cowling LLP
14 N. Central Ave., Ste. 104
Medford, OR 97501

**VIA CM/ECF ONLY**

Re: *In re Jason Breedlove*, Case No. 18-30032-tmb13

Dear Counsel:

The Debtor in the above referenced case filed a chapter 13 petition and a proposed plan on January 4, 2018. On March 15, 2018, unsecured creditor Washington Federal, N.A. filed an objection to confirmation (ECF No. 25). Debtor subsequently filed an amended plan (ECF No. 35) and Washington Federal filed a renewed objection (ECF No. 37).

The basis of the parties' dispute is that Debtor proposes making voluntary contributions of $221.66 a month to a retirement plan offered through his employer. *See* Amended Schedule I (ECF No. 36), line 5c. Washington Federal argues that these contributions are not allowable during Debtor's chapter 13 case, because it diverts disposable income that would otherwise be payed into the plan under § 1325(b).

This court has previously ruled that voluntary contributions to retirement plans are not "reasonably necessary to be expended for the maintenance or support of the debtor," as required under § 1325(b)(2). *In re Merrill*, Case No. 00-33270-tmb13 (Bankr. D. Or. Nov. 21, 2000). But, as I explained to the parties at an earlier hearing in this case, there is a distinguishing factor here, because Debtor is eligible for an employer match.[1] The employer match represents additional compensation which Debtor can save for retirement, but only if he contributes his own money to the plan. Accessing this additional compensation is reasonable and necessary to providing maintenance and support to the Debtor throughout his life. Moreover, as I explained to the parties at the July 17, 2018 status hearing, there is a way that Debtor can capture his

---

[1] According to Washington Federal's objection to the amended plan, Debtor's $221.66 monthly contribution is equal to 4% of his gross income, which is the maximum amount that his employer will match. *See* Wash. Fed. Obj. to Amended Plan (ECF No. 37), at 1-2.

employer match without materially impairing creditors in this case: namely, by making the retirement contributions necessary to obtain the match, and then making a plan payment equal to these cumulative contributions toward the end of the case (either through increased monthly payments or a lump-sum payment, most likely financed by a loan from the retirement plan).

Because the present amended plan does not provide for this offsetting plan payment, I will deny confirmation through an order entered contemporaneously with this opinion. Debtor may confirm a plan by filing a further amended plan that provides the necessary payment(s) described above.

Very truly yours,

Trish M. Brown